## CIRCUIT COURT OF THE CITY OF WINCHESTER

Bernard Judy

v.

National Fruit Product Co., Inc.

August 21, 1996

Case No. (Law) 96-142

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on August 21, 1996, on the Defendant's Demurrer and Plea of the Statute of Limitations. Jesse J. Richardson, Esquire, and Barry P. Beck, Esquire, appeared for the Plaintiff; and Thomas M. Lawson, Esquire, appeared for the Defendant.

### I. *Statement of Material Facts*

The following facts are established in the pleadings.

The Plaintiff was formerly employed by the Defendant as a Corporate Safety Manager at the Defendant's plant in Winchester. The Plaintiff claims that he was discharged on June 7, 1994, in retaliation for his complaining to his superiors that the Defendant was violating the Virginia Department of Labor and Industry safety regulations; therefore, his discharge violated the public policy of the Commonwealth. The Plaintiff filed his motion for judgment on June 4, 1996.

The Defendant has demurred to the motion for judgment on the ground that the Plaintiff's exclusive remedy is provided by statute and also says that the Plaintiff's claim is barred by the one year statute of limitations.

### II. *Conclusions of Law*

Virginia Code § 40.1-51.2:2 provides a remedy for any "employee who believes that he or she has been discharged or otherwise discriminated

against . . . [because the employee has filed a safety or health complaint]." "[When] a statute creates a right and provides a remedy for the vindication of that right, then that remedy is exclusive unless the statute says otherwise." *Vansant & Gusler, Inc. v. Washington*, 245 Va. 356, 360, 429 S.E.2d 31, 33 (1993) (quoting *School Bd. v. Giannoutsos*, 238 Va. 144, 147, 380 S.E.2d 647, 649 (1989)). In this case the plaintiff's exclusive remedy is under Virginia Code § 40.1-51.2:2. *See Pruitt v. Johnston Mem. Hosp., Inc.*, 21 Va. Cir. 188 (Washington County 1990) (demurrer sustained to motion for judgment alleging constructive discharge for complaining about safety in the work place).

Prior to July 1, 1995, the one year statute of limitations applied to a wrongful discharge action. *Purcell v. Tidewater Const. Co.*, 250 Va. 93, 94 (1995). While the statute was amended to provide for a two year statute of limitations for "every personal action accruing on or after July 1, 1995 . . . ." (Virginia Code § 8.01-248), this section has no application to this case, because the statute of limitations on the plaintiff's claim expired on June 8, 1995. A defendant has a vested right to rely on an expired statute of limitations. In *Starnes v. Cayouette*, 244 Va. 202, 212, 419 S.E.2d 669 (1992), where the Supreme Court affirmed the trial court's ruling that the provisions of § 8.01-249, which purported to extend the statute of limitations on sexual abuse claims which had expired under the previous statute of limitations, was unconstitutional, because the defendants against whom the statute of limitations had run had a fully vested defense of the statute of limitations, which could not be retroactively altered.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:
1. Defendant's Demurrer is sustained;
2. Defendant's Plea of the Statute of Limitations is sustained;
3. The Motion for Judgment is dismissed.