Present:   All the Justices

KENNETH WAYNE AUSTIN

                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 972627              June 5, 1998

CONSOLIDATION COAL COMPANY

     UPON A QUESTION OF LAW CERTIFIED BY THE UNITED STATES
  DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

     Pursuant to Rule 5:42, the United States District Court

for the Southern District of West Virginia certified to this

Court the following question of law:

     "Whether Virginia law would recognize
     intentional or negligent interference with a
     prospective civil action by spoliation of evidence
     as an independent tort under the facts described
     below."

The order contained the following facts:

     "On May 20, 1995, the plaintiff Kenneth Austin
     was injured while working in a coal mine in Buchanan
     County, Virginia.  The accident occurred when a hose
     that Mr. Austin was using to cool down a welding
     area burst in his hands, causing severe injuries to
     his face and neck.  Because he received workers'
     compensation benefits, Mr. Austin was barred by
     statutory immunity under Virginia law from pursuing
     a cause of action against his employer,
     Consolidation Coal Company (Consolidation), the
     defendant in the above-styled case.  Therefore, Mr.
     Austin chose to pursue a products liability action
     against the manufacturer and distributor of the
     allegedly defective hose which caused his injuries.

     "However, Consolidation allegedly refused to
     disclose the identities of the manufacturer and
     distributor to Mr. Austin.  Consolidation also
     refused to provide Mr. Austin with samples of the
     hose, or to allow his expert to evaluate the hose on
     Consolidation's property.  This is despite the fact
     that Consolidation freely granted access to the hose

to both the manufacturer and the distributor for their defense experts to evaluate. When one year passed and Consolidation had still failed to provide voluntary cooperation, Mr. Austin filed an action against them in the Buchanan County Circuit Court. At a May 23, 1996 hearing, Judge Keary R. Williams ordered that Consolidation's purchasing agent sit for a deposition with plaintiff's counsel for the purpose of discovering the identities of the manufacturer and distributor of the hose. Judge Williams also ordered Consolidation to preserve the hose as evidence until the plaintiff's experts had an opportunity to test it.

"In direct violation of this court order, Consolidation allegedly destroyed the hose before Mr. Austin's experts ever had a chance to conduct independent testing. Mr. Austin did eventually discover the identities of the manufacturer, National Fire Hose Corporation, and the distributor, Fairmont Supply Company, and subsequently filed suit against both companies in this Court. Discovery also revealed that the distributor, Fairmont Supply Company, is either a subsidiary or an affiliate corporation of Consolidation. Due to Consolidation's destruction of the allegedly defective hose, Mr. Austin claims that he confronts significant obstacles in proving his products liability claim. For this reason, Mr. Austin initiated the above-styled action against Consolidation, claiming that they tortiously interfered with his ability to pursue a products liability suit when they destroyed the allegedly defective hose. Other courts have labeled such tortious conduct as 'spoliation of evidence.'"

Even though the federal district court's certification order states that the Circuit Court of Buchanan County entered an order requiring that Consolidation preserve the hose, no such order was actually entered. The litigants conceded, at the bar of this Court, that the Circuit Court of Buchanan County did not enter a written order prohibiting the

2

destruction of the hose. Rather, the circuit court stated during a hearing on Austin's petition to perpetuate testimony that an order granting the relief requested in the petition "should contain a statement that no parties are to do anything [which would affect] the integrity of the hose. . . ."

We have stated that "[i]t is the firmly established law of this Commonwealth that a trial court speaks only through its written orders." Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996). Accord Walton v. Commonwealth, 256 Va. ___, ___, ___ S.E.2d ___, ___ (1998) (this day decided); Town of Front Royal v. Industrial Park, 248 Va. 581, 586, 449 S.E.2d 794, 797 (1994); Robertson v. Superintendent of the Wise Correctional Unit, 248 Va. 232, 235 n.*, 445 S.E.2d 116, 117 n.* (1994). Therefore, for purposes of this opinion, we must amend the federal district court's statement of facts to reflect that no order to preserve the hose was entered by the Circuit Court of Buchanan County. Our answer to the certified question is, in part, predicated upon this factual modification.

Austin argues that Virginia should recognize a cause of action for intentional spoliation of evidence based on the facts and circumstances of his case. Relying upon cases from other jurisdictions, Austin says that those courts have recognized "a cause of action in tort for interference with

3

the preservation of evidence, commonly known as spoliation of evidence. The elements are: (1) pending or probable litigation involving the plaintiff; (2) knowledge on part of the defendant that litigation exists or is probable; (3) willful destruction of evidence by the defendant designed to disrupt plaintiff's case; (4) disruption of plaintiff's case; and (5) damages proximately caused by the defendant's acts." Austin cites the following authorities in support of his position: Hazen v. Municipality of Anchorage, 718 P.2d 456, 463 (Alaska 1986); Smith v. Superior Ct., 198 Cal. Rptr. 829, 837 (Ct. App. 1984); Bondu v. Gurvich, 473 So. 2d 1307, 1312-13 (Fla. Dist. Ct. App. 1984); Viviano v. CBS, Inc., 597 A.2d 543, 549-50 (N.J. Super. Ct. App. Div. 1991); Smith v. Howard Johnson Co., 615 N.E.2d 1037, 1038 (Ohio 1993). But see Panich v. Iron Wood Prod. Corp., 445 N.W.2d 795, 797 (Mich. Ct. App. 1989) (employer has no duty to preserve evidence).

Continuing, Austin asserts that we should also recognize a cause of action for negligent spoliation of evidence. Austin says that this so-called tort differs from intentional spoliation of evidence in that the purported tortfeasor negligently damaged or destroyed evidence which may be necessary as proof in a civil action. See Velasco v. Commercial Bldg. Maintenance Co., 215 Cal. Rptr. 504, 506 (Ct. App. 1985).

4

Responding, Consolidation argues that under the facts and circumstances described in the certification order, it has no duty to preserve evidence for the benefit of an injured person who has a potential cause of action against a third party. Therefore, Consolidation contends that Austin has no cause of action against it for any so-called tort of intentional or negligent spoliation of evidence.

The issue whether an employer has a duty to preserve evidence for the benefit of an employee's potential tort action against a third party is a matter of first impression in this Commonwealth.  However, the principles that we must apply to the facts and circumstances before this Court are familiar and well settled.

> "The essential elements of a cause of action . . . based on a tortious act . . . are (1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that duty or right, and (3) harm or damage to the plaintiff as a proximate consequence of the violation or breach. . . .  A cause of action does not evolve unless all of these factors are present."  Stone v. Ethan Allen, Inc., 232 Va. 365, 368-69, 350 S.E.2d 629, 631 (1986) (quoting Locke v. Johns-Manville Corp., 221 Va. 951, 957, 275 S.E.2d 900, 904 (1981)); accord Van Deusen v. Snead, 247 Va. 324, 330, 441 S.E.2d 207, 210, (1994); Atlantic Co. v. Morrisette, 198 Va. 332, 333, 94 S.E.2d 220, 221-22 (1956).

We hold that under the facts and circumstances of this case, Austin has no cause of action against Consolidation for

intentional or negligent spoliation of evidence because Consolidation had no legal duty to preserve the hose.

Austin tries to identify several sources which may have imposed a duty or obligation upon Consolidation to preserve the hose. Austin argues that he was an employee of Consolidation at the time of the accident and, therefore, a master/servant relationship existed which somehow imposed a duty upon Consolidation. Austin also asserts that "federal and state law mandate numerous requirements and duties, particularly in the context of the coal mining industry, upon employers to their employees" and that some of these statutes, which require employers to provide employees with safe working environments and conditions, may have imposed a duty upon Consolidation to preserve the hose.

We disagree with Austin. Austin cites no state or federal statutes or authorities which require an employer like Consolidation to preserve its personal property so that such property may be useful to an employee who has filed a tort action against a third party. Additionally, the employer/employee relationship that existed between Austin and Consolidation, based on the record before us, does not give rise to such duty.

Austin also argues that "a fiduciary relationship or one of trust existed between Austin and Consolidation which

6

mandated the preservation of the hose."  Austin says that Virginia's Workers' Compensation Act, Code § 65.2-309, et seq., "establishes such a consensual or fiduciary relationship as a matter of law."  Continuing, he contends that a "claim for [w]orkers' [c]ompensation benefits operates as an assignment to the employer of any right to recover damages which the injured employee may have against any other party for such injury. . . .  Austin's assignment of rights created a fiduciary relationship or a relationship of trust between Consolidation and him.  The Act also created a duty upon Consolidation and elevated it to a position of trust."

We find no merit in Austin's contentions.  We have reviewed the Virginia Workers' Compensation Act, and it is devoid of any language which imposes a duty upon an employer to preserve property which may be beneficial to an employee who seeks to prosecute a civil action against a third party.

Austin contends that Consolidation assumed a duty to preserve this hose because Consolidation conducted an investigation of Austin's accident and forwarded the hose to an affiliate corporation for testing and analysis.  We disagree.  These facts are simply not sufficient to support Austin's assertion that Consolidation assumed a tort duty to preserve the hose.  We also reject Austin's argument that the purported "order" of the Circuit Court of Buchanan County

7

imposed such duty upon Consolidation.  Even assuming that entry of such an order would have created a duty, Austin conceded at the bar of this Court that no order was ever entered and, thus, no duty was created.

Accordingly, we must answer the certified question in the negative.

<u>Certified question answered in the negative</u>.