COURT OF APPEALS OF VIRGINIA

Present:   Judges Chafin, Russell and AtLee
Argued at Richmond, Virginia

UNPUBLISHED

JUDITH A. LaBRIE

v.      Record No. 0700-17-2

DAVID F. LaBRIE

MEMORANDUM OPINION* BY
JUDGE TERESA M. CHAFIN
DECEMBER 27, 2017

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
David E. Johnson, Judge

Michael S. Ewing (Batzli Stiles Butler PC, on brief), for appellant.

David E. Noll (Christopher C. Leslie; Cravens & Noll, P.C., on brief), for appellee.


Judith A. LaBrie ("wife") appeals an order granting David R. LaBrie's ("husband") motion to reduce spousal support. On appeal, wife argues that the circuit court erred when it refused to admit a transcript from a prior hearing into evidence. She further contends that the circuit court erroneously found that husband's second motion was not barred by the principles of *res judicata*. Finally, wife argues that the trial court mistakenly found that husband proved a material change in circumstances supporting the modification of the court's prior support decision. For the following reasons, we affirm the decision of the trial court.

Background

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted). So viewed, the evidence is as follows.

Husband and wife were married on December 6, 1986. They were divorced by a final decree entered on August 19, 2011. The final decree ordered husband to pay wife spousal support in the amount of $4,350 per month. At the time of the final decree, husband was employed by Altria Group, Inc., and earned between $170,000 and $180,000 each year. On February 24, 2012, Altria eliminated husband's position due to corporate downsizing. He received a severance package, which included his full salary for eighteen months.

Husband underwent surgeries in 2007, 2008, and 2011, in an effort to relieve chronic back and neck pain. Husband's treating physician eventually determined that he was completely disabled. Husband applied for social security disability benefits, and he began receiving these benefits in August 2012.

In March 2013, husband filed a motion to reduce or terminate spousal support. In August, 2014, the circuit court denied husband's motion. Although the circuit court did not find that husband voluntarily left his job, it found that he voluntarily remained unemployed. The circuit court further found that husband's disability "did not prevent him from finding employment." Husband was ordered to pay attorney's fees to wife in the amount of $21,475.20. Husband appealed to this Court, and this Court affirmed the circuit court's decision. LaBrie v. LaBrie, No. 1894-14-2, 2015 Va. App. LEXIS 102 (Va. Ct. App. Mar. 31, 2015).

In March 2016, husband filed a second motion to terminate or reduce spousal support. Husband argued that he had been unable to find employment despite his "significant attempts" to do so. In response, wife alleged that husband's motion was barred by *res judicata*.

The circuit court rejected wife's argument, emphasizing that the final determination in 2014 was that husband's disability did not prevent him from finding employment. The circuit court then

found that husband's significant but ultimately unsuccessful attempts to obtain employment, in addition to his depleted financial assets and earning power, established a material change in circumstances.

The circuit court imputed to husband an annual income of $61,500, taking into account his retirement and disability income, the testimony of vocational experts, and the job postings for which husband applied. Husband's motion to reduce or terminate spousal support was granted, and his monthly spousal support obligation was reduced from of $4,350 to $2,000 per month. Husband was ordered to pay attorney's fees to wife in the amount of $5,000.

During closing argument, wife asked to proffer the transcript from the 2014 spousal support hearing. She maintained that the transcript would "clarify what the judge ruled [in 2014]" in order to determine whether husband's current claim was, in fact, litigated and ruled upon in 2014.[1] The circuit court found that the 2014 transcript "was not proffered in accordance with Rule 2:103 [because it] was never moved as evidence nor received nor marked by the Court as evidence."[2]

On March 16, 2017, the circuit court heard post-trial motions, including wife's motion to include the transcript from the 2014 spousal support hearing in the record for purposes of this appeal. By letter opinion dated April 7, 2017, the trial court denied wife's motion, but noted that the transcript was already part of the court's record.[3] The circuit court further emphasized that the

---

[1] Wife also orally proffered two unspecified portions of the 2014 transcript at the beginning of the 2016 trial. At that time, she only represented that the portions of the transcript would prove that husband lost his job because of his own voluntary acts. The circuit court declined to accept them at that time.

[2] Virginia Rule of Evidence 2:103(a)(2) states that "[error] may not be predicated upon admission or exclusion of evidence, unless: . . . [a]s to evidence excluded, the substance of the evidence was made known to the court by proffer."

[3] The 2014 motion was heard by Judge Samuel E. Campbell. The 2016 motion, however, was heard by Judge David E. Johnson.

record was "sufficient 'to allow the appellate court to determine whether the trial court erred in excluding the [transcript] and, if so, whether that error was harmless.'" (quoting Creamer v. Commonwealth, 64 Va. App. 185, 195, 767 S.E.2d 226, 230 (2015)).  Wife appealed to this Court.

Analysis

I.  The 2014 Transcript was Unnecessary to Rule on the *Res Judicata* Issue

On appeal, wife argues that the circuit court erred by refusing to admit the 2014 transcript into evidence during the 2016 hearing.  She further contends that the consideration of the 2014 transcript was necessary in order for the circuit court to rule on the issue of *res judicata*.  We disagree.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 132, 409 S.E.2d 460, 465 (1991) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).

"The bar of *res judicata* precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies."  Smith v. Ware, 244 Va. 374, 376, 421 S.E.2d 444, 445 (1992).  Wife asserts that reviewing the transcript of the prior proceeding is a "fundamental principal of the doctrine of *res judicata*."  However, wife cites no cases, and we are not aware of any, that support such an assertion.

The Supreme Court of Virginia has ruled that when a party fails to file the record of a prior proceeding to a motion asserting *res judicata* or fails to offer it into evidence, such failures are fatal to the appeal of such ruling.  Bernau v. Nealon, 219 Va. 1039, 1041, 254 S.E.2d 82, 84 (1979).  However, the Supreme Court later offered an exception in situations where, "[f]or example, a . . . court could enter an order that contains a detailed summary of the proceedings or, if requested by a party, sign a statement of facts."  Scales v. Lewis, 261 Va. 379, 383, 541 S.E.2d

899, 901 (2001).  In such cases, reviewing the transcript of the prior hearing "might be useful, [but] it is not essential . . . ."  Id.  These cases do not support wife's assertion that a court *must* admit the transcript of the prior hearing into evidence.

"'It is the firmly established law of this Commonwealth that a trial court speaks only through its written orders.'"  Albert v. Albert, 38 Va. App. 284, 297, 563 S.E.2d 389, 396 (2002) (quoting Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996)); see also Berean Law Grp., P.C. v. Cox, 259 Va. 622, 626, 528 S.E.2d 108, 111 (2000); Austin v. Consolidation Coal Co., 256 Va. 78, 81, 501 S.E.2d 161, 162 (1998).

> In order to determine which specific issues are barred from relitigation in the usual instance of a "general verdict," the reviewing court must "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the [litigant] seeks to foreclose from consideration."

Commonwealth v. Davis, 290 Va. 362, 370, 777 S.E.2d 555, 558 (2015) (quoting Ashe v. Swenson, 397 U.S. 436, 444 (1970)).  Consequently, the examination of the record of a prior hearing is necessary only where the ruling of the court is so generalized or technical that the trial court is uncertain of the basis upon which the prior decision was made.

This Court has reached determinations of whether *res judicata* applies without consulting a transcript in cases involving spousal and child support.  This Court considered the issue of *res judicata* regarding modification of a child support order that "deviated significantly from the guidelines" in Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993).  In that case, both mother and father filed motions to modify child support, and the trial court denied both motions.  Id.

> Neither the trial judge's letter opinion nor order indicated that he had determined the parties' joint gross income or calculated the presumptively correct amount of child support according to the guidelines.  Furthermore, neither the order nor the opinion letter

> contained a written finding explaining those factors the judge
> considered that presumably made the guideline amount unjust and
> inappropriate and justified the judge's refusal to modify an award
> which deviated significantly from the guidelines.

Id. at 577-78, 425 S.E.2d at 813. Neither party appealed that order. A short time later, father once again motioned for a reduction in his support obligation. The trial court again denied his motion. Id. at 578, 425 S.E.2d at 813. This Court ruled that, even though the trial court did not make written findings as required, because a material change in circumstances was not alleged or proven, the matter of support was *res judicata*. Id. at 581, 425 S.E.2d at 815. Therefore, Hiner contradicts wife's contention that a court is *required* to review the transcript in order to determine whether *res judicata* applies. To the contrary, Hiner suggests that a review of the pleadings, orders, and letter opinions is sufficient.

The circuit court in this case considered whether husband's 2016 motion was barred by *res judicata*. In making its decision, the court examined the 2014 motion, 2014 letter opinion, and 2014 order, as well as the 2016 motion and the evidence presented in the 2016 hearing. The circuit court determined that *res judicata* did not apply. The 2014 order was not so generalized or so technical that the circuit court was uncertain of the bases of the decision that was made. The 2014 letter opinion made it clear that the circuit court determined that husband's "disability does not prevent him from working" and his inability to pay "is due to his own voluntary act by remaining voluntarily unemployed." This detailed and succinct finding made the circuit court's examination of the 2014 transcript unnecessary.[4]

---

[4] We find that the circuit court erred in its post-trial ruling that the 2014 transcript was a part of the record for purposes of this appeal. However, we conclude that the circuit court's error in such ruling was harmless, as the 2014 transcript was not necessary for the resolution of this case. Therefore, it is not grounds for reversal. See Mall Amusements, LLC v. Va. Dep't of Alcoholic Bev. Control, 66 Va. App. 605, 617, 790 S.E.2d 245, 251 (2016).

## II. *Res Judicata* Did Not Bar Husband's 2016 Motion

Wife next contends that the circuit court erred in failing to rule that husband's 2016 motion was barred by *res judicata*. *Res judicata* principles dictate that an unappealed support order can be modified only upon a showing of a material change in circumstances. See Barton v. Barton, 31 Va. App. 175, 178, 522 S.E.2d 373, 374 (1999). The party seeking the modification of support "has the burden of proving a material change by a preponderance of the evidence." Broadhead v. Broadhead, 51 Va. App. 170, 179, 655 S.E.2d 748, 752 (2008) (citation omitted). This burden involves not merely a showing of a change in circumstances, but proof that the "change warrants a modification of support." Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted); Reece v. Reece, 22 Va. App. 368, 372-73, 470 S.E.2d 148, 151 (1996).

"Whether [a claim] is precluded by *res judicata* is a question of law that we review *de novo*." Caperton v. A.T. Massey Coal Co., Inc., 285 Va. 537, 548, 740 S.E.2d 1, 7 (2013). Nevertheless, *res judicata* does not apply where there has been a material change in circumstances. There is no formula by which a fact finder can determine whether a series of changed circumstances are indeed material, thereby warranting the modification of a prior support award. Consequently, we do not review such judgments *de novo*. We ask only whether the trial judge abused his discretion.

> An abuse of discretion occurs only when "reasonable jurists" could not disagree as to the proper decision. This principle necessarily implies that, for some decisions, conscientious jurists could reach different conclusions based on exactly the same facts — yet still remain entirely reasonable. This bell-shaped curve of reasonability governing our appellate review rests on the venerable belief that the judge closest to the contest is the judge best able to discern where the equities lie.

Hamad v. Hamad, 61 Va. App. 593, 607, 739 S.E.2d 232, 239 (2013) (quoting Brandau v. Brandau, 52 Va. App. 632, 641, 666 S.E.2d 532, 537 (2008)).

- 7 -

Trial courts "have the authority to interpret their own orders." Fredericksburg Constr. Co., Inc. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000). When examining a trial court's order on appeal, we defer to the interpretation adopted by that lower court. Id. Therefore, our analysis in this case requires a determination of whether the circuit court abused its discretion when interpreting its own 2014 order.

The Supreme Court of Virginia has "consistently held that a litigant who seeks to bar a claim based upon the defense of res judicata must establish four elements: identity of the remedy sought; identity of the cause of action; identity of the parties; and identity of the quality of the persons for or against whom the claim is made." Davis v. Marshall Homes, Inc., 265 Va. 159, 164, 576 S.E.2d 504, 506 (2003).

### A. Claim Preclusion

Wife contends that husband's 2016 motion is barred by claim preclusion. "*Res judicata* involves both issue and claim preclusion." Funny Guy, LLC v. Lecego, LLC, 293 Va. 135, 142, 795 S.E.2d 887, 890 (2017). See generally Lee v. Spoden, 290 Va. 235, 245-46, 776 S.E.2d 798, 803-04 (2015). "Issue preclusion bars relitigation of common factual issues between the same or related parties." Funny Guy, 293 Va. at 142, 795 S.E.2d at 890. Claim preclusion "bars the assertion of legal or equitable rights of action, even if they were not specifically resolved in earlier litigation . . . ." Id. (quoting Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 14.11[B][5], at 1214 (6th ed. 2014)).

Husband's 2014 motion to reduce his spousal support obligation was based on the fact that his position at Altria was eliminated. In that motion, husband also claimed that he "suffered serious medical conditions." The circuit court found that "[husband's] inability to pay spousal support [was] due to his own voluntary act by remaining voluntarily unemployed."

Husband's 2016 motion to reduce spousal support, however, presented new facts. Husband referenced his "significant attempts to find some type of employment" and that despite his attempts, "he ha[d] not been successful obtaining employment." As husband's 2016 motion was determined on a new set of material facts, it was not barred by claim preclusion. See Lee, 290 Va. at 245, 776 S.E.2d at 803

## B. Collateral Estoppel

Wife further claims that husband is "collaterally estopped from claiming that he lost his job with Altria through no fault of his own." Collateral estoppel "is the preclusive effect . . . based upon a collateral and different cause of action, . . . [in which] the parties to the first action and their privies are precluded from litigating any issue of fact [or law] actually litigated and essential to a valid and final personal judgment in the first action." Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974) (footnote omitted). Where the issue in the earlier proceeding was actually litigated and the parties are the same, the preclusive effect of *res judicata* and collateral estoppel operates in the same manner. Lastly,

> [a] judgment on the merits, fairly rendered, by a court of competent jurisdiction, having cognizance both of the parties and the subject matter, however erroneous it may be, is conclusive on the parties and their privies until reversed or set aside in a direct proceeding for that purpose and is not amenable to collateral attack.

Storm v. Nationwide Mut. Ins. Co., 199 Va. 130, 133, 97 S.E.2d 759, 761 (1957) (quoting 8 Michie's Jurisprudence, Former Adjudication § 10).

To succeed in showing that husband's 2016 motion is barred by collateral estoppel, wife must prove that husband's 2016 motion presented an issue that was "actually litigated and essential to a valid and final personal judgment in the first action." Bates, 214 Va. at 671, 202 S.E.2d at 921. Husband's 2014 motion requested that the circuit court reduce or terminate his spousal support obligation based on his disability and loss of employment. The fact that he

remained unemployed voluntarily was the deciding factor in the circuit court's denial of husband's 2014 motion. The circuit court found that "[husband's] disability [did] not prevent him from finding employment." The basis of husband's 2016 motion was the ineffectiveness of his search for employment, constituting a change in circumstances. Therefore, *res judicata* did not bar husband's 2016 motion.

### III. Material Change in Circumstances

Wife argues that husband failed to prove a material change in circumstances since the first hearing, and for that reason, the circuit court erred in granting his 2016 motion to reduce or terminate his spousal support obligation. Specifically, wife contends that although husband claimed he has looked for employment, the circuit court should have considered the reasonableness of husband's job search efforts.

The party seeking modification of the spousal support award has the burden of proof to show by a preponderance of the evidence the justification for the requested modification. Not only must the moving party show a change in circumstances, but also that the equities of the case demonstrate that "this change warrants a modification of support." Dailey v. Dailey, 59 Va. App. 734, 742-43, 722 S.E.2d 321, 325 (2012) (citation omitted); Street, 25 Va. App. at 386, 488 S.E.2d at 668 (citation omitted); Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (citation omitted); Reece, 22 Va. App. at 372-73, 470 S.E.2d at 151.

Furthermore, when the payor ex-spouse seeks modification of an award, he "must also show that his lack of ability to pay is not due to his own voluntary act or because of his neglect." Edwards v. Lowry, 232 Va. 110, 112-13, 348 S.E.2d 259, 261 (1986). In order to prove that a change in circumstances justifies termination or modification of the support award, the payor ex-spouse "must establish that he is not 'voluntarily unemployed or voluntarily under

employed.'" Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) (quoting Code § 20-108.1(B)(3)).

> Code § 20-109 grants courts continuing jurisdiction to modify awards where changed circumstances are demonstrated. Thus, "[the] statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances."

Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).

Because the determination of whether a set of changed circumstances are truly material requires an exercise in conscientious judgment, we only ask whether the trial judge abused his or her discretion. "A trial court has broad discretion in setting spousal support and its 'determination "will not be disturbed except for a clear abuse of discretion."'" Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (quoting Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986)). In order to demonstrate such an abuse of discretion, wife must establish that the "judgment is plainly wrong or without evidence to support it." Code § 8.01-680. See also Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994) ("Decisions concerning both types of support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.").

Given the evidence presented in this case, the circuit court did not abuse its discretion by granting husband's motion to reduce his spousal support obligation. The evidence proved that since the time of the 2014 order, husband had applied for over seventy jobs and that his earning capacity had diminished significantly. Taking into account husband's retirement and disability income, the testimony of the vocational experts, and the job postings for which husband applied,

the circuit court imputed to husband an annual income of $61,500.[5]  His efforts in his job search and his reduced earning capacity indicated that husband's ability to pay spousal support had decreased since the 2014 hearing.

Although wife acknowledges that husband has conducted a search for employment since the 2014 order, she asks this Court to determine the authenticity of husband's claim to have engaged in a *reasonable search* for employment.  When, as here, a circuit court heard the evidence at an *ore tenus* hearing, "its factual findings are entitled to great weight" on appeal. Mayer v. Corso-Mayer, 62 Va. App. 713, 728, 753 S.E.2d 263, 270 (2014) (quoting Mullin v. Mullin, 45 Va. App. 289, 299, 610 S.E.2d 331, 336 (2005)).  The circuit court "ascertains a witness' credibility, determines the weight to be given to their testimony, and has discretion to accept or reject any of the witness' testimony."  Layman v. Layman, 62 Va. App. 134, 137, 742 S.E.2d 890, 891 (2013) (quoting Street, 25 Va. App. at 387, 488 S.E.2d at 668).

The circuit court heard expert testimony that husband would not qualify for his former job due to his lack of a college education.  Husband further provided the circuit court with documentation on each job for which he applied along with the requirements for each job.

Given the evidence presented, we conclude that the circuit court did not abuse its discretion in finding that husband established a material change in circumstances.

### IV.  Attorney's Fees and Costs on Appeal

Both husband and wife request that this Court award them attorney's fees and costs incurred on appeal.  Whether to award attorney's fees and costs on appeal is discretionary.  This Court takes into consideration factors such as whether the requesting party has prevailed or other reasons exist to support an award of fees and costs.  See, e.g., Estate of Hackler v. Hackler, 44

---

[5] Husband consented to the circuit court's imputation of income, and it is not at issue on appeal.

Va. App. 51, 75, 602 S.E.2d 426, 438 (2004); <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  This case "addressed appropriate and substantial issues and . . . neither party generated unnecessary delay or expenses in pursuit of its interests."  <u>Hackler</u>, 44 Va. App. at 75, 602 S.E.2d at 438.  Therefore, we deny the parties' requests for fees incurred in this appeal.

Conclusion

For the foregoing reasons, we hold that the trial court did not err by granting husband's motion to reduce his spousal support obligation.  We affirm the trial court's decision.

<u>Affirmed.</u>